IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 20-70295 |
| FATIH OZCELEBI, | § | |
| | § | CHAPTER 11 |
| Debtor. | § | |
| | § | |
| K.V. CHOWDARY | § | |
| and | § | |
| VALLEY GASTROENTEROLOGY | § | |
| CLINIC, P.A., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 21-7001 |
| | § | |
| FATIH OZCELEBI, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION

On August 9, 1940, with the Battle of Britain raging, Winston Churchill took the time to pen an important memo on brevity. In this memo, he stated "To do our work, we all have to read a mass of papers. Nearly all of them are far too long. This wastes time, while energy has to be spent in looking for the essential points. I ask my colleagues and their staffs to see to it that their reports are shorter . . . the saving in time will be great, while the discipline of setting out the real points concisely will prove an aid to clearer thinking."[1] Decades later, this message is still tremendously impactful and especially relevant to this Court's analysis of Plaintiffs' amended complaint.

In particular, the Court sua sponte takes issue with Plaintiffs' "shotgun pleading" approach to their amended complaint. Contrary to the brevity extolled by Churchill, shotgun pleadings

---

[1] Winston Churchill, *Brevity: Memorandum by the Prime Minister* (Aug. 9, 1940).

attempt to throw a little bit of everything into a complaint in the hope that something will hit the target. Naturally, such a strategy does not lend itself to well drafted complaints, where precision, conciseness, and brevity are required.

In this case, Fatih Ozcelebi, M.D. seeks dismissal of the first amended complaint filed by K.V. Chowdary, M.D., individually and doing business as Valley Gastroenterology Clinic, P.A., and Valley Gastroenterology Clinic, P.A. for failure to state a claim upon which relief could be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion to dismiss is denied as moot. However, pursuant to Rule 12(e), Plaintiffs must rectify their shotgun pleading errors violating Federal Rules of Civil Procedure 8(a)(2), 9(b), and 10(b), by filing a more definite statement in the form of an amended complaint by no later than January 12, 2022.

## I. BACKGROUND

On January 11, 2021, K.V. Chowdary, M.D., ("*Chowdary*") and Valley Gastroenterology Clinic, P.A. ("*VGC*") ( collectively "*Plaintiffs*") filed a Complaint asserting that the debt Fatih Ozcelebi ("*Defendant*" or "*Debtor*") owed to Plaintiffs should be excepted from discharge in Defendant's Chapter 11 bankruptcy case under § 523(a)(2)(A), (a)(4), and (a)(6).[2] On June 29, 2021, Defendant filed his motion to dismiss.[3] On July 21, 2021, Plaintiffs filed their response.[4] On August 3, 2021, this Court, after a hearing, granted Defendant's motion in part and required Plaintiffs to amend their complaint no later than August 16, 2021.[5] On August 16, 2021, Plaintiffs filed their "First Amended Complaint to Deny Discharge of Debt" ("*First Amended Complaint*").[6] On September 13, 2021, Defendant filed the instant "Defendant Fatih Ozcelebi's Motion To Dismiss

---

[2] ECF No. 1.
[3] ECF No. 14.
[4] ECF No. 19.
[5] ECF No. 21.
[6] ECF No. 24.

Plaintiffs' First Amended Complaint To Deny Discharge Of Debt" ("*Motion To Dismiss*").[7] On September 17, 2021, the Court entered an unopposed order granting Plaintiffs until October 18, 2021, to file their response to the Motion to Dismiss.[8] On October 18, 2021, Plaintiffs filed their response to the Motion to Dismiss.[9] On November 22, 2021, the Court held a hearing[10] and at the conclusion took the matter under advisement. The Court now issues the instant memorandum opinion.

## II. JURISDICTION AND VENUE

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides "the district courts shall have original and exclusive jurisdiction of all cases under Title 11 or arising in or related to cases under Title 11." An adversary proceeding falls within the Court's "related to" jurisdiction if the "outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."[11] Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[12] This Court determines that pursuant to 28 U.S.C. § 157(b)(2)(I) this adversary proceeding involves primarily core matters as it "concern[s] determinations as to the dischargeability of particular debts."[13]

Furthermore, this Court may only hear a case in which venue is proper.[14] Pursuant to §

---

[7] ECF No. 29.
[8] ECF No. 31.
[9] ECF No. 33.
[10] ECF No. 40.
[11] *In re Trevino*, 535 B.R. 110, 125 (Bankr. S.D. Tex. 2015) (quoting *Wood v. Wood* (*In re Wood*), 825 F.2d 90, 93 (5th Cir. 1987).
[12] 28 U.S.C. § 157(a); *see also In re Order of Reference to Bankruptcy Judges*, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).
[13] 11 U.S.C. § 157(b)(2); s*ee also In re Southmark Corp.*, 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.").
[14] 28 U.S.C. § 1408.

1409(a), "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending."[15] Debtor's main Chapter 11 case is presently pending in this Court and therefore, venue of this adversary proceeding is proper.

### III.   ANALYSIS

#### A. Shotgun Pleading

Complaints that violate Federal Rules of Civil Procedure ("*Rule*") 8(a)(2), 9(b), or 10(b), or all three, are often disparagingly referred to as "shotgun pleadings."[16] Rule 8 states that a complaint "must contain," among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"[17] When fraud is alleged, Rule 9(b) requires a party to state with particularity the circumstances constituting fraud. The court in *Benchmark Electronics, Inc. v. J.M. Huber Corporation*,[18] established the test for pleading fraud with particularity, stating that "[p]ut simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out."[19] Under Rule 10: "A party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense."[20]

In *Weiland*, the Eleventh Circuit identified four types of "shotgun pleadings"—imprecise complaints that fail "to give the defendants adequate notice of the claims against them and the

---

[15] 28 U.S.C. § 1409(a).
[16] *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015); *see United States ex rel. Musachia v. Pernix Therapeutics, LLC*, No. 2:18-cv-01445-RDP, 2021 U.S. Dist. LEXIS 126321, at *13 (N.D. Ala. 2021) (finding that a complaint contained impermissible shotgun pleading errors and would be dismissed for failure to plead with particularity as required by Rule 9(b)).
[17] Fed. R. Civ. P. 8(a)(2).
[18] *Weiland*, 343 F.3d at 724.
[19] *Id.*; s*ee also Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008); *ABC Arbitrage Plaintiffs Group v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002).
[20] Fed. R. Civ. P. 10(b).

grounds upon which each claim rests."[21] The first is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint.[22] This leads to a "situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions."[23] Second, in *Weiland*, the Eleventh Circuit noted that a shotgun pleading occurs when a complaint is full of conclusory, vague, and immaterial facts not obviously connected to any particular cause of action.[24] The third type of shotgun pleading outlined in *Weiland* is a complaint that fails to separate into a different count each cause of action or claim for relief.[25] This type of shotgun pleading violates Rule 10(b).[26] Finally, the fourth type of shotgun pleading included in *Weiland* is a complaint which includes multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.[27]

The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.[28] "Shotgun pleadings are 'pernicious' because they 'unfairly burden defendants and courts' by shifting onto them 'the burden of identifying plaintiff's genuine claims and determining which of those claims might have legal support.'"[29] If

---

[21] *Weiland*, 792 F.3d at 1321-23.
[22] *Id.* at 1321.
[23] *Id.* at 1324; *Snow v. Etowah Cty. Sheriff's Dep't*, No. 4:20-cv-00344-ACA, 2020 U.S. Dist. LEXIS 220325, at *9 (N.D. Ala. 2020).
[24] *Weiland*, 792 F.3d at 1322.
[25] *Id.* at 1323.
[26] *Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 393 (6th Cir. 2020); *Weiland*, 792 F.3d at 1323 n.13 (collecting cases); *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 947 (7th Cir. 2013) (holding that one count of complaint, which raised five causes of action, was impermissible "kitchen sink" pleading).
[27] *Weiland*, 792 F.3d at 1323.
[28] *Id.*
[29] *Greathouse v. Rosa*, No. 1:20-cv-0554-KWR-KK, 2021 U.S. Dist. LEXIS 132053, at *2 (D.N.M. 2021) (citing *D.J. Young Publ'g Co. v. Unified Gov't of Wyandotte Cty./Kansas City*, No. 12-CV-2011-KHV, 2012 U.S. Dist. LEXIS 132535, at *10 (D. Kan. 2012)).

tolerated, shotgun pleadings harm the court by impeding its ability to administer justice.[30] The time a court spends managing litigation framed by shotgun pleadings should be devoted to other cases waiting to be heard.[31] When a complaint fails to provide adequate notice, it is within the court's power to act sua sponte by ordering plaintiffs to submit a more definite statement pursuant to Rule 12(e).[32]

Here, Plaintiffs seek an exception to discharge of a judgment in excess of $2,000,000 under § 523(a) based on three different theories: (1) false pretenses, false representations and/or actual fraud claim against Defendant under § 523(a)(2)(A); (2) fraud or defalcation against Defendant while acting in a fiduciary capacity or outside of a fiduciary relationship if Defendant's actions amount to embezzlement or larceny under § 523(a)(4); and (3) Defendant's alleged willful and malicious injury to Plaintiffs or their property under § 523(a)(6).[33] The Court will consider each in turn.

### 1. 11 U.S.C. §523(a)(2)(A)

The first cause of action raised by Plaintiffs in the First Amended complaint is brought under 11 U.S.C. § 523(a)(2)(A), seeking to avoid discharge of debts for property obtained by false pretenses, a false representation, and/or actual fraud.[34] Under § 523(a)(2)(A), the United States Supreme Court has recognized two distinct paths for nondischargeability: (1) false pretenses and

---

[30] *Byrne v. Nezhat*, 261 F.3d 1075, 1131 (11th Cir. 2001).
[31] *Id.*
[32] *See Molina v. March*, No. 07-4296, 2008 U.S. Dist. LEXIS 139926, at *6 (S.D. Tex. 2008) (sua sponte ordering plaintiff to file a more definite statement pursuant to Rule 12(e)); *see also Spencer v. FNU August*, No. 1:17-CV-63, 2020 U.S. Dist. LEXIS 95230, at *10 (E.D. Tex. 2020) ("'A complaint that contains a "bare bones" allegation that a wrong occurred and that does not plead any of the facts giving rise to the injury does not provide adequate notice. In such cases, the proper remedy is a motion for a more definite statement under Rule 12(e), or an order allowing the Plaintiff to amend.'"); *see also Sudduth v. Lowndes Cty.*, No. 1:18-CV-51-SA-DAS, 2019 U.S. Dist. LEXIS 31843, at *9 (N.D. Miss. 2019) (finding that a complaint did not contain enough information to allow the court to rule and ordering plaintiff to file a more definite statement pursuant to Rule 12(e)); *Shields v. Allstate Ins. Co.*, 2008 U.S. Dist. LEXIS 110835, 2008 WL 38884326, at *4 (E.D. La. Aug. 18, 2008) (holding it is within the court's power to act sua sponte by ordering plaintiffs to submit a more definite statement pursuant to Rule 12(e)).
[33] *See* ECF No. 24.
[34] *Id.* at 8, ¶¶ 34-37.

false representation; or (2) actual fraud.[35]  Because Plaintiffs' § 523(a)(2)(A) claim requires a showing of fraud, Plaintiffs' Amended Complaint must comport with Federal Rule of Civil Procedure 9(b), incorporated by Federal Rule of Bankruptcy Procedure 7009.[36]

The lack of clarity inherent in shotgun pleadings is particularly apparent where, as here, the § 523(a)(2)(A) claim is subject to Rule 9(b)'s heightened pleading requirements.[37]  In this case, Plaintiffs' § 523(a)(2)(A) claim commits at least two types of shotgun pleading errors.  First, this claim adopts the allegations of all preceding paragraphs, causing each to carry all that came before it.  In the First Amended Complaint, after roughly seven pages of factual allegations, Plaintiffs begin their § 523(a)(2)(A) claim section by stating "Plaintiffs incorporate all the foregoing."[38]  This language is certainly the type frequently dismissed by courts as an impermissible shotgun pleading.[39]  However, courts will not automatically dismiss a complaint merely because it incorporates by reference all of the previous allegations and facts detailed above.[40]  Instead, courts look to whether this incorporation significantly impairs defendant's ability to determine the grounds upon which the claim is being asserted.[41]

---

[35] *Husky Int'l Elecs., Inc. v. Ritz*, 136 S. Ct. 1581, 1586 (2016).
[36] *Bennett v. Lindsey (In re Lindsey)*, 733 F. App'x 190, 192 (5th Cir. 2018) ("[B]ecause [plaintiff's] complaint seeks relief for fraud under 11 U.S.C. § 523(a)(2)(A), it is subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) and Federal Rule of Bankruptcy Procedure 7009.").
[37] *Cascade Capital Grp. v. Livingston Holdings*, No. 3:17cv952-LG-FKB, 2018 U.S. Dist. LEXIS 219373, at *8-9 (S.D. Miss. 2018).
[38] ECF No. 24 at 8, ¶ 34.
[39] *See Moore v. Miss. Gaming Comm'n*, No. 1:15-CV-00013-DMB-DAS, 2015 U.S. Dist. LEXIS 187413, at *13 (N.D. Miss. 2015) (finding that a complaint contained shotgun pleadings where it purported to "incorporate by reference and re-allege[] the information set forth in the foregoing paragraphs"); *see also Silverthorne v. Yeaman*, No. 12-20325-CIV-MARTINEZ/MCALILEY, 2013 U.S. Dist. LEXIS 204318, at *9 (S.D. Fla. 2013) (finding that a complaint contained shotgun pleadings where each count stated that Plaintiff "repeats and re-alleges and incorporates by reference the allegations in paragraphs 1-66 with the same force and effect as herein set forth . . . .").
[40] *Physicians Care All., LLC v. All Day Beauty, LLC*, No. 2:18-cv-2602-HRH, 2019 U.S. Dist. LEXIS 5343, at *4 (D. Ariz. 2019) ("[A] complaint is not a shotgun pleading 'simply because it incorporates by reference previous allegations.'") (quoting *Alliance Labs, LLC v. Stratus Pharmaceuticals, Inc.*, Case No. 2:12-cv-00927 JWS, 2013 U.S. Dist. LEXIS 9621, 2013 WL 273404, at *2 (D. Ariz. Jan. 24, 2013)); *Jim S. Adler, P.C. v. Angel L. Reyes & Assocs. PC*, No. 3:19-cv-2027-K-BN, 2020 U.S. Dist. LEXIS 157847, at *39 (N.D. Tex. 2020) (finding that a complaint was not a shotgun pleading despite incorporating by reference all previous allegations).
[41] *Martinez v. Nueces Cty.*, No. 2:13-CV-178, 2013 U.S. Dist. LEXIS 168228, at *7 (S.D. Tex. 2013) ("What makes a pleading an objectionable 'shotgun' pleading is the inclusion of irrelevant and unrelated facts not tied to specific

Here, Defendant did respond to the First Amended Complaint by filing the Motion to Dismiss.[42] However, in attempting to analyze the arguments raised by Defendant in the Motion to Dismiss, the Court is unable to properly parse out which facts in the First Amended Complaint that Plaintiffs actually intended to align with which distinct path for nondischargeability under its § 523(a)(2)(A) claim. For example, in Paragraph 35, Plaintiffs allege that "Debtor obtained Chowdary's client list by false pretenses, false representations, and/or actual fraud, and used it to set up the Debtor's own medical practice, including the April, 1997, false representations made to Chowdary."[43] The use of "including" in Plaintiffs' pleading implies additional false pretenses, false representations, and/or actual fraud besides just the "April, 1997, false representations." What additional factual pleadings are intended to be included in this reference is not known since Plaintiffs made no specific citation outside of the catch-all "Plaintiffs incorporate all the forgoing" language. Additionally, what Plaintiffs meant by "April, 1997, false representations" is also ambiguous considering this is not a defined term in the First Amended Complaint and no specific factual paragraphs are cited in support. Clearly, Plaintiffs have not provided a clear and plain statement as required by Rule 8(a)(2), let alone meeting the particularity requirements of Rule 9(b).

Next, in violation of Rule 10(b), Plaintiffs also commit the third type of shotgun pleading error by failing to separate into a different count each claim founded on a separate transaction or occurrence. In the First Amended Complaint, under a subheading entitled "11 U.S.C. § 523(a)(2)(A) property obtained by false pretenses, a false representation, and/or actual fraud," Plaintiffs plead at least three and possibly four claims arising from distinct transactions or

---

causes of action such that the claims made are indeterminate and the defendant's task in defending against them is significantly impaired.").
[42] *See* ECF No. 24.
[43] *Id.* at 8, ¶ 35.

occurrences.[44] The first claim arising from a distinct transaction or occurrence is in Paragraph 35 when the First Amended Complaint references the April, 1997 false representations used to obtain the Plaintiffs' client lists.[45] Clearly, the allegations in Paragraph 35 are based on the transactions or occurrences connected to obtaining the client lists.[46] Paragraph 36, however, confusingly references both an incident of "theft" and multiple instances of "bad faith litigation tactics."[47] While the ambiguous "theft" reference could relate to the obtaining of Plaintiffs' client lists, the facts that seemingly support the "bad faith litigation tactics" took place entirely after the client lists were obtained.[48] Furthermore, the transactions or occurrences referenced in Paragraphs 35 and 36 each give rise to a separate § 523(a)(2)(A) claim. Therefore, at least in part, the allegations of Paragraph 36 are rooted in a different transaction or occurrence from Paragraph 35, despite both appearing under the same count. This violates Rule 10(b) since the separation of the claims into separate counts would certainly promote clarity.[49]

Similarly, in Paragraph 37, Plaintiffs plead "The fraudulent transfer scheme and the fraudulent transfers in this case are virtually identical to the fraudulent transfers that were held to result in non dischargeability by the U.S. Supreme Court."[50] Putting aside the fact that Plaintiffs failed to cite which particular Supreme Court case they base their allegation upon, Paragraph 37 references an entirely different transaction or occurrence from Paragraphs 35 and 36.[51] The facts in the First Amended Complaint that purport to be connected to Paragraph 37 do not relate to the transaction or occurrence in Paragraph 35 because the fraudulent transfers occurred after the client lists

---

[44] *Id.* at 8, ¶¶ 35-37.
[45] *Id.* at 8, ¶ 35.
[46] *Id.*
[47] *Id.* at 8, ¶ 36.
[48] *Id.* at 3, ¶ 11.
[49] Fed. R. Civ. P. 10(b) ("If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.").
[50] ECF No. 24 at 8, ¶ 37.
[51] *Id.*

were obtained.  Furthermore, Paragraph 37 does not relate to Paragraph 36 because the fraudulent transfers were not "litigation tactics."  Thus, Plaintiffs' § 523(a)(2)(A) section of the First Amended Complaint violates Rule 10(b) by pleading multiple claims arising from different transactions or occurrences all in the same count.

Admittedly, some might argue that separation of the claims arising from different transactions or occurrences into different counts is not necessary to promote clarity here because Plaintiffs have placed them into different numbered paragraphs.  However, Paragraph 36 contains a confusing blend of a theft allegation which is seemingly related to the transaction or occurrence of Paragraph 35, and its own separate transaction or occurrence related to bad faith litigation tactics.[52]  Attempting to pick and choose which claims Plaintiffs actually intended to plead is simply too confusing as currently pled.

Furthermore, the fact that Plaintiffs' First Amended Complaint commits multiple shotgun pleading errors makes it particularly daunting for the Defendant and the Court to interpret.  As drafted, it is reasonable to construe Plaintiffs' § 523(a)(2)(A) argument as relating to anywhere from one to four distinct claims.  Further, Plaintiffs never specify which of the two § 523(a)(2)(A) theories of nondischargeability: (1) false pretenses and false representations; or (2) actual fraud, they assert for each cause.  Therefore, in responding to whether a plausible claim has been stated, the Defendant is tasked with evaluating up to eight possible scenarios (both theories of nondischargeability for each of the four possible causes of action) when Plaintiffs may have, in actuality, intended to argue only a few.  This, of course, only pertains to § 523(a)(2)(A) and there are a host of similar problems regarding claims in the First Amended Complaint arising under other statues to be discussed *infra*, thus further increasing the burden on Defendant.

---

[52] *Id.* at 8, ¶¶ 35-36.

To the Court, allowing these types of shotgun pleadings promotes a distinct advantage for Plaintiffs. Rather than being tasked with providing a short and plain statement as required by Rule 8(a)(2), let alone the heightened pleading requirements of Rule 9(b), Plaintiffs would be incentivized to provide an ambiguous pleading. This is because instead of having to choose which theories of relief to assert and applying facts, Plaintiffs would be well-advised to take as many shots at the target as possible by providing a large fact section, such as the one in the First Amended Complaint, and allowing the Defendant/Court to apply the facts to the claims it found the most compelling. Any misinterpretation by the Court specifically, could potentially provide fertile grounds for appeal and an unnecessary waste of judicial resources. Overall, this would serve to greatly undermine the purpose of a Rule 12(b)(6) motion in deciding whether a claimant is entitled to offer evidence to support the claims.[53]

The Court finds that Plaintiffs' § 523(a)(2)(A) claims contain impermissible shotgun pleadings violating Rules 8(a)(2), 9(b), and 10(b). The Court further finds that the First Amended Complaint is not pled with sufficient clarity such as to provide notice to the Defendant of what is being alleged, much less allow the Court to rule on the merits. Where, as here, a complaint fails to provide adequate notice, it is within the court's power to act sua sponte by ordering plaintiffs to submit a more definite statement pursuant to Rule 12(e).[54]

Accordingly, Plaintiffs must file a more definite statement in the form of an amended

---

[53] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (noting that the purpose of 12(b)(6) "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims").
[54] *See Molina*, No. 07-4296, 2008 U.S. Dist. LEXIS 139926, at *6 (sua sponte ordering plaintiff to file a more definite statement pursuant to Rule 12(e)); *see also Spencer*, No. 1:17-CV-63, 2020 U.S. Dist. LEXIS 95230, at *10 ("'A complaint that contains a "bare bones" allegation that a wrong occurred and that does not plead any of the facts giving rise to the injury does not provide adequate notice. In such cases, the proper remedy is a motion for a more definite statement under Rule 12(e), or an order allowing the Plaintiff to amend.'"); *see also Sudduth*, No. 1:18-CV-51-SA-DAS, 2019 U.S. Dist. LEXIS 31843, at *9 (finding that a complaint did not contain enough information to allow the court to rule and ordering plaintiff to file a more definite statement pursuant to Rule 12(e)); *Shields*, 2008 U.S. Dist. LEXIS 110835, 2008 WL 38884326, at *4 (holding it is within the court's power to act sua sponte by ordering plaintiffs to submit a more definite statement pursuant to Rule 12(e)).

complaint regarding their § 523(a)(2)(A) claims pursuant to Rule 12(e).

### 2. 11 U.S.C. §523(a)(4)

The next claim asserted by Plaintiffs is brought under 11 U.S.C. §523(a)(4).[55] Section 523(a)(4) excepts from discharge debts "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."[56] Fraud, standing alone, is not a basis to except discharge of a debt under 11 U.S.C. § 523(a)(4). To satisfy § 523(a)(4), fraud or defalcation must have been committed while the perpetrator was "acting in a fiduciary capacity." However, the § 523(a)(4) exception to discharge may still apply outside of a fiduciary relationship when Defendant's actions constitute "embezzlement" or "larceny."[57] Fraud theories under § 523(a)(4) are subject to the heightened pleading standard of Rule 9(b)[58] while defalcation, embezzlement, and larceny theories must meet Rule 8(a)(2).[59]

As with its § 523(a)(2)(A) claim, Plaintiffs' § 523(a)(4) claims suffer from the same shotgun pleading defects. First, the allegations in this section begin by incorporating not only all of the previous factual allegations, but also all of the allegations raised in their § 523(a)(2)(A) claim.[60] Once again, this lack of citation to the applicable factual allegations renders Plaintiffs claims incredibly difficult to discern. In Paragraph 39, Plaintiffs flatly assert "The Debtor's obtaining and subsequent use of Chowdary's clients list was fraud or defalcation in a fiduciary capacity, embezzlement, and/or an act of larceny."[61] Leaving the Defendant and the Court to enter into a guessing

---

[55] ECF No. 1 at 5, ¶¶ 18–22.
[56] 11 U.S.C. § 523(a)(4).
[57] *Miller*, 156 F.3d at 602.
[58] *See Thompson AW Holdings, LLC v. Kovacs (In re Kovacs)*, Nos. 8-18-75874-las, 8-19-08029-las, 2021 Bankr. LEXIS 1059, at *21 (Bankr. E.D.N.Y. 2021) (applying 9(b) to a § 523(a)(4) claim where fraud was alleged).
[59] *See White Nile Software, Inc. v. Mandel (In re Mandel)*, Nos. 10-40219, 12-4127, 12-4128, 2017 Bankr. LEXIS 890, at *82 (Bankr. E.D. Tex. 2017) ("Defalcation does not require fraud or embezzlement, but only willful neglect of duty.").
[60] ECF No. 24 at 8 ¶ 38 ("Plaintiffs incorporate all the foregoing.").
[61] *Id.* at 8, ¶ 39.

game as to which facts were actually intended to apply to "obtaining and subsequent use of Chowdary's clients list".

Next, Plaintiffs again make the error of failing to separate each claim arising from a distinct transaction or occurrence into a different count in violation of Rule 10(b).  For example, Paragraph 39 references "obtaining and subsequent use" of the client lists[62] while Paragraph 41's allegations are about "bad faith litigation tactics."[63]  Confusingly, Paragraph 40 purportedly modifies Paragraph 39 whereas other paragraphs in the Plaintiffs' § 523(a)(4) pleading amounts to different claims arising from distinct transactions or occurrences.[64]

In this scenario, however, the failure to separate each claim arising from a distinct transaction or occurrence into a different count is even more burdensome on the Defendant and the Court than in the § 523(a)(2)(A) claims because some § 523(a)(4) claims are subject to Rule 8(a)(2) whereas others are subject to Rule 9(b).  Applying the appropriate standard can be dispositive.  However, Plaintiffs fail to separate the causes of action, cite to relevant facts, or even specify which § 523(a)(4) theory they are pursuing.  Instead, Plaintiffs obscurely plead that certain actions constituted "fraud, defalcation, embezzlement, and/or an act of larceny,"[65] ostensibly leaving it up to Defendant and the Court to decide which fits best.  The Court finds that Plaintiffs' § 523(a)(4) claims violate Rules 8(a)(2), 9(b), and 10(b) as impermissible shotgun pleadings.

Accordingly, Plaintiffs must file a more definite statement in the form of an amended complaint regarding their § 523(a)(4) claims pursuant to Rule 12(e).

### 3.  11 U.S.C. §523(a)(6)

---

[62] *Id.*
[63] *Id.* at 9, ¶ 41.
[64] *Id.* at 8-9, ¶¶ 39-45.
[65] *Id.* at 8-9, ¶¶ 39, 41-42.

Finally, Plaintiffs have pled claims arising under § 523(a)(6).[66] Section 523(a)(6) excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."[67] In the Fifth Circuit, an injury is "willful and malicious" where there is (1) objective substantial certainty of injury; or (2) subjective motive to cause harm.[68] "The objective standard is met when a court finds that a debtor intentionally took action(s) that necessarily caused, or were substantially certain to cause the injury."[69] However, "[u]nder the subjective test, a court must find that the debtor intended the actual injury that resulted."[70]

As elsewhere in the First Amended Complaint, Plaintiffs commit the shotgun pleading errors of incorporating all the foregoing paragraphs[71] and failing to separate claims rooted in different transactions or occurrences into separate counts.[72] For the same reasons as outlined above, Plaintiffs' § 523(a)(6) claims are simply too challenging to parse out and have not provided a short and plain statement of why the Plaintiffs are entitled to relief. The Court finds that Plaintiffs' § 523(a)(6) claims violate Rules 8(a)(2) and 10(b) as impermissible shotgun pleadings.

Accordingly, Plaintiffs must file a more definite statement in the form of an amended complaint regarding their § 523(a)(6) claims pursuant to Rule 12(e).

## IV. CONCLUSION

An order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

---

[66] ECF No. 24 at 10.
[67] *Williams v. IBEW Local 520 (In re Williams)*, 337 F.3d 504, 513 (5th Cir. 2003).
[68] *Poddar v. Hamza-Haris (In re Hamza-Haris)*, Nos. 18-42688, 19-4031, 2021 Bankr. LEXIS 2556, at *17 (Bankr. E.D. Tex. 2021*); see Miller v. J.D. Abrams Inc. (Matter of Miller)*, 156 F.3d 598, 606 (5th Cir. 1998).
[69] *Poddar*, Nos. 18-42688, 19-4031, 2021 Bankr. LEXIS 2556, at *17; *see Rainey v. Davenport (In re Davenport)*, 353 B.R. 150, 202 (Bankr. S.D. Tex. 2006).
[70] *Poddar*, Nos. 18-42688, 19-4031, 2021 Bankr. LEXIS 2556, at *17.
[71] *See* ECF No. 24 at 10, ¶ 46 ("Plaintiffs incorporate all the foregoing.").
[72] *Id.* at 10, ¶¶ 47-51.

SIGNED December 29, 2021

_____
Eduardo Rodriguez
United States Bankruptcy Judge